UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAMETRICK M. GRAY, | |
| Petitioner, | |
| v. | CAUSE NO. 3:19-CV-356-RLM-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Dametrick M. Gray, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-18-11-91) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of assault in violation of Indiana Department of Correction Offense 102. He was sanctioned with a loss of one year of earned credit time and a demotion in credit class.

Mr. Gray argues that the hearing officer didn't have sufficient evidence to support a finding of guilt. He contends that he was misidentified as the correctional officer's assailant and that the correctional officer wasn't assaulted.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which Officer Stuber says that Mr. Gray assaulted her as she tried to escort him to the restricted housing unit. ECF 20-1. She says that Mr. Gray "pinned [her] against the wall and grabbed [her] by the coat in the chest and forcefully threw [her] body into the wall numerous times, then [threw her] to the ground." It includes a summary of the video surveillance report, which is consistent with the conduct report. ECF 20-8. It also includes a confidential investigative report, which contains summary of an interview with Mr. Gray. ECF 22. According to the report, Mr. Gray admitted that he attacked correctional staff. The conduct report, the video recording summary, and the investigative report constitute some evidence that Mr. Gray assaulted a correctional officer. The claim that the hearing officer didn't have sufficient evidence isn't a basis for habeas relief.

Mr. Gray argues that he is entitled to habeas relief because he asked for the video recording but that the hearing officer reviewed only a summary of the video recording. He also argues that he wasn't allowed to present a conduct report prepared by Officer Bowlings, which also said that he assaulted Officer Stuber. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. It's unclear why the hearing officer

denied these requests, but these denials constitute, at most, harmless error. The court has reviewed the video recording and finds that the summary is accurate, and it is unclear how a second conduct report accusing him of assaulting Officer Stuber would have changed the outcome of the case. The claim that Mr. Gray was not allowed to present evidence is not a basis for habeas relief.

In sum, Mr. Gray hasn't demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Mr. Gray wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Dametrick M. Gray leave to proceed in forma pauperis on appeal.

SO ORDERED on March 5, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT